IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:03CR3085-6 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| SHERRIE BUSSELMAN, | ) | |
| | ) | |
| Defendant. | ) | |

    I am in receipt of the presentence investigation report and addendum in this case and the defendant's objection (filing 207).

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    The defendant's objection (filing 207) regarding a lack of mitigating role reduction is denied. Noting that the defendant does not challenge the factual accuracy

1

of the presentence report, and, indeed, relies upon it, due to the long standing and repetitive nature of the defendant's fraudulent over-billing *of her own counseling services* and the fact that the defendant's *personal behavior involved more than minimal planning*, the defendant is not entitled to a mitigating role adjustment even after comparing her behavior to that of Mr. Strauch and Mr. Colley.

(3) The parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

December 6, 2005.	BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge